*Formatted for Electronic Distribution*                                                                    *For Publication*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

**In re:**
    **Thomas Patrick McFeeley,**
           **Debtor.**

Filed & Entered
On Docket
February 23, 2007

**Chapter 13**
**Case # 06-10605**

**AMENDED**
**MEMORANDUM OF DECISION**
**DENYING DEBTOR'S MOTION TO EXTEND STAY UNDER §362(c)**
**AND DETERMINING THE EXTENT OF THE STAY THAT IS TERMINATED[1]**

Mr. McFeeley ("the Debtor") filed a chapter 13 case within one year of filing another chapter 13 case. He therefore finds himself in a position where the automatic stay generally available to debtors throughout the pendency of a bankruptcy case is subject to early termination under a new provision that became effective under 11 U.S.C. §362(c)(3) of the Bankruptcy Abuse Protection and Consumer Protection Act of 2005 ("BAPCPA").[2]

On January 16, 2007, the Debtor moved to extend the time for completing a hearing on the question of whether the automatic stay in his current case is limited to 30 days (doc. # 24). At oral argument, the Debtor asked for alternative relief, requesting that the Court determine the scope of the automatic stay, if the Court denies his motion to extend the time. The Court ruled on both aspects of the motion on the record and issues this memorandum of decision to set forth its rationale.

For the reasons set forth below, the Court denies the motion to extend time and declares that the stay subject to early termination is limited to the stay of actions against the debtor and the debtor's property and does not affect the stay against property of the estate.

**Jurisdiction**

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) & (G).

**Procedural and Factual Background**

The Debtor filed a chapter 13 petition on October 24, 2006 (case # 06-10490). On December 21, 2006, after notice and a hearing, that case was dismissed based upon the Debtor's failure to file schedules, statements, payment advices, a means test form, and a chapter 13 plan. Immediately after case #06-10490

---

[1] This document is amended solely to correct typographical errors in the original memorandum
[2] All statutory citations refer to Title 11, United States Code ("the Bankruptcy Code") unless otherwise indicated.

was dismissed, the Debtor filed the instant case. On January 16, 2007, the Debtor filed a motion under § 362(c) to extend the stay with regard to one of his creditors, Bank of America, so that his car – which he needs to work and produce income upon which his plan relies – would not be repossessed (doc. # 24).

## Discussion

The controlling statute is a new provision of the automatic stay section of the Bankruptcy Code:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section--

    (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

    (2) the stay of any other act under subsection (a) of this section continues until the earliest of--
        (A) the time the case is closed;
        (B) the time the case is dismissed; or
        (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;

    * * *

    (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
        (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate **with respect to the debtor** on the 30th day after the filing of the later case;
        (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing **completed before the expiration of the 30-day period** only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed. . .

§ 362(c) (emphases added). This statute has been the subject of much debate, as courts have examined whether the stay that terminates "with respect to the debtor" applies only to a stay against the debtor and the property of the debtor, and whether the stay against property of the estate thereafter remains in effect. A consensus has been forming that the stay referred to in § 362(c)(3)(A) "terminates the stay with respect to actions taken against the debtor and against property of the debtor, but does not terminate the stay with respect to the property of the estate." In re Jones, 339 B.R. 360, 365 (Bankr. E.D.N.C. 2006). This position is well-founded in principles of statutory construction.

2

A.  <u>Can the Time Be Extended for Completing a Hearing</u>?

As to the first issue presented by the Debtor – whether the Court can extend the time for completing a hearing to determine whether the stay is limited to 30 days pursuant to § 362(c)(3)(B) – such relief must be denied.  The statute sets out two elements that trigger termination of the stay: (1) the debtor filed a case that was dismissed within a year before he filed his second case, and (2) the court has granted no extension of the stay, within 30 days of the filing of the second case.

The Debtor's filing history falls squarely within those parameters.  The Debtor acknowledges that he filed the instant case within one year of the time when he had another chapter 13 case pending; in fact, he filed this second case on the same day that his prior case was dismissed.  Additionally, there is no dispute that the Debtor did not file a motion to extend the stay in time to have a hearing held and concluded within 30 days of the date the instant case was filed.  He filed his motion to extend the time on January 16, 2007, which was four days shy of the 30th day after this case's filing (January 20, 2007).  At the January 18, 2007 hearing, the Court held that that the expedited schedule on the motion to extend sought by the Debtor did not provide the creditor with sufficient notice. (It is significant to note that the creditor did not appear at this hearing, undoubtedly due, at least in part, to the fact that the creditor had received notice no more than two days before the hearing.)  Hence, this Court denied the Debtor's motion to extend the stay under § 362(c)(3)(B), based on the timing of the motion, and did not consider the merits.  <u>See</u> <u>In re Ziolokowski</u>, 338 BR 543 (Bankr. D.Conn. 2006).  The fact that the stay terminated, however, is not the end of the matter.  The Court also has before it Debtor's request for a determination as to the scope of the stay that was terminated in his case.

B.  <u>The Scope of the Stay</u>

With respect to the scope of the stay subject to termination, the Court turns to <u>In re Jones</u>, in which Bankruptcy Judge Thomas Small construed the phrase "with respect to the debtor" in § 362(c)(3)(A) in a straightforward and concise manner.  Engaging in methodical statutory construction, he held that the stay terminating under § 362(c)(3)(A) is not the stay that protects property of the estate. Because his analysis is so compelling, this Court summarizes the steps he took to arrive at his ruling.  First, Judge Small underscores that a plain reading of § 362(c)(3)(A) leads to the conclusion that the stay terminates "with respect to the debtor." As Judge Small asks, "How could that be any clearer?" <u>Jones</u>, 339 B.R. at 363.  Second, he shows how § 362(a) "differentiates between acts against the debtor, against property of the debtor and against property of the estate," by pointing out language in § 362(a)(1) staying actions "against the debtor;" language in § 362(a)(2) staying enforcement of a judgment "against the debtor or against property of the estate," language in § 362(a)(3) staying acts to obtain possession of "property of the estate," language in § 362(a)(4) staying acts creating, perfecting, or enforcing liens "against property of the estate," and so on.  <u>Id.</u> Judge Small observes that § 362(c) also distinguishes between the stay of acts against the property of the estate and

3

the stay of any other acts. Id. at 364. Third, emphasizing his view that "[i]f Congress had intended that the automatic stay would terminate under § 362(c)(3)(A) as to property of the estate, it would have specifically said so," id. at 364, Judge Small cites § 521 of the Code which also distinguishes between property of the estate and property of the debtor.

Fourth, Judge Small held that § 523(c)(3)(A) includes a termination of the stay with respect to the property of the debtor, as it specifically referred to termination of the stay regarding any action taken with respect to a debt or "property securing such debts." Although the statutory language is not crystal clear, the Jones court interpreted it "to terminate the stay with respect to actions taken against the debtor and with respect to the debtor's property," relying on the rules of construction provided in § 102 of the Code. Id. at 365. Section 102(2) provides that claims against the debtor include claims against property of the debtor; § 101(12) defines 'debt' as "liability on a claim"; and thus § 362(c)(3)(A) terminates the stay "with respect to a debtor's debts and, by definition, with respect to liability on claims including claims against property of the debtor." Id.

This statutory analysis, which draws attention to the fact that Congress used different phrases ("the debtor," "the property of the debtor," and "the property of the estate") to make different parts of the statute apply to different entities, comports with the rule of statutory construction that "highlights the fact that Congress knew how to include such limitation[s] when it wanted to." Id., quoting In re Coleman, 426 F.3d 719, 725 (4th Cir. 2005). See Keene Corp. v. United States, 508 U.S. 200, 208 (1993) ("Where Congress includes particular language in one section of a statute but omits it in another, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (internal quotation marks and alterations omitted). Judge Small properly concludes that the plain language of § 362(c)(3)(A) provides that the stay that terminates is not the stay that protects the property of the estate, id. at 365, adding that this interpretation of the statute made sense from a policy perspective "because estate property may be needed to consummate the debtor's chapter 13 plan." Id.

The great majority of courts that have interpreted the scope of the § 362(c)(3)(A) stay are in accord with Jones. See In re Jumpp, __ B.R. __, 2006 WL 3802702 (1st Cir BAP Dec. 28, 2006) (vacating bankruptcy court's order that the statute terminated the automatic stay in its entirety, i.e., with regard to the debtor, the property of the debtor, and the property of the estate); In re Hollingsworth, __ B.R. __, 2006 WL 3890610 (Bankr.D.Utah Dec. 21, 2006); In re Pope, 351 B.R. 14 (Bankr.D.R.I. 2006); In re Murray, 350 B.R. 408 (Bankr. S.D.Ohio 2006); In re Brandon, 349 B.R. 130 (Bankr.M.D.N.C. 2006); In re Gillcrese, 346 BR 373 (Bankr W.D. Pa 2006); In re Williams, 346 B.R. 361 (Bankr.E.D.Pa. 2006); In re Harris, 342 B.R. 274 (Bankr.N.D.Ohio 2006); In re Johnson, 335 B.R. 805 (Bankr.W.D.Tenn. 2006), In re Rice, 2006 WL 3827432 (Bankr. W.D.N.Y. Dec. 19, 2006).

The one case that has decided otherwise disagreed with the majority's view interpreting the plain language of the statute, found the statutory language ambiguous, and relied on legislative history to support its holding that "it is evident that the intent of the drafters was to terminate all protections of the automatic stay under this new subsection." In re Jupiter, 344 B.R. 754, 761 (Bankr.D.S.C. 2006). This Court respectfully disagrees with this rationale and conclusion.

This Court finds the Jones analysis to be compelling and joins the many other courts that hold that the stay that terminates under § 362(c)(3)(A) is the stay of actions against the debtor or property of the debtor and specifically does not limit or diminish the stay of actions against property of the estate.

Here, the property in question, the Debtor's automobile, is property of the estate, under §541(a). Therefore, the stay against that property is not terminated, notwithstanding the Debtor's failure to comply with § 362(c)(3)(A).

## **Conclusion**

For the reasons set forth above, the Court finds that the Debtor has not established the requisite timing and notice criteria to extend the stay under § 362(c)(3)(B), and therefore the Court denies the motion to extend the time for completing the hearing. Accordingly, the stay described in §362(c)(3) terminated 30 days after this case was filed. However, the scope of the stay that terminated is limited. It applies only to actions against the Debtor and the Debtor's property; the stay of actions against property of the estate remains in full force and effect.

This constitutes the Court's findings of fact and conclusions of law.

February 22, 2007  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge