**UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT**

Filed & Entered
On Docket
June 20, 2007

_____

**In re:**

    **THOMAS PATRICK McFEELEY**                    **Chapter 13 Case**
                **Debtor.**                                     **# 06-10605**

_____

**ORDER
DENYING DEBTOR'S MOTION FOR RECONSIDERATION**

On April 27, 2007 this Court entered an Order (doc. # 42) dismissing the instant chapter 13 case and on May 14, 2007 the Debtor filed a "motion and Request for hearing to reconsider Order dismissing this case and to keep the stay in place protecting property of the estate until this case is closed" (doc. # 44). As grounds for the reconsideration and reinstatement of his case, the Debtor asserts that the case should not have been dismissed as a result of his failure to file an amended plan by the deadline set by the Court because (i) he suffers from Adult Attention Deficit Disorder which impeded his ability to meet the Court's deadline for filing the amended plan; (ii) he had dire and grueling work obligations during the days just prior to the deadline for filing an amended plan; and (iii) he discovered some important creditors were missing from his schedules just prior to the deadline for filing an amended plan, which presumably would require some significant reworking of any draft amended plan he had begun before that time.

This has not been a simple or typical chapter 13 case; setting forth some procedural background is necessary to put the Debtor's motion in context. Mr. McFeeley has been proceeding *pro se* in this Court for over two years. The Debtor's first case in this District was the chapter 7 case he filed *pro se* on October 14, 2005 (# 05-12247). On March 9, 2006, he received a discharge in that case and on March 9, 2006, the case was closed. Then he filed a chapter 13 case on October 24, 2006 (# 06-10490). That case was dismissed on December 21, 2006 after a hearing on an Order to Show Cause issued because of the Debtor's failure to file any of the schedules, statements or plan within the timeframe set by the Bankruptcy Rules. Within minutes of the Court's ruling, dismissing that chapter 13 case, the Debtor filed the instant chapter 13 case. Again, the Debtor had filed a "bare bones petition;" all schedules, statements and the chapter plan were due 15 days thereafter, i.e., by January 5, 2007. Since the Debtor had a previous chapter 13 case pending within one year of the initiation of this case, the Court issued an Order to Show Cause why the case should not be dismissed for failure to file all the required statements, schedules and plan and to determine if this case was not filed in good faith, pursuant to § 362(c)(3), and set the hearing on that order for January 9, 2007. The Debtor filed all

schedules and statements, and a chapter 13 plan, on January 5, 2007. On January 16, 2007, the Debtor filed a motion to extend the stay under § 362(c), however, the motion was untimely and therefore the Court denied it at a hearing held on January 18, 2007. A written order was issued on February 16, 2007 to make clear that the stay that was lifted pertained only to property of the Debtor and that the stay as to property of the estate remained intact. See doc. # 29. On March 15, 2007, the Court held a confirmation hearing at which (a) it found that the plan the Debtor filed in this case was inadequate and could not be confirmed; (b) directed the Debtor to file an amended plan, as well as amended schedules F, I and J by March 22, 2007; and (c) continued the confirmation hearing to April 26, 2007. Thereafter, the Debtor defaulted on the final installment of his filing fee and also failed to file the amended schedules and amended plan as directed by the Court. Therefore, a show cause hearing was set for April 3, 2007 to address both issues. On April 3, 2007, the Debtor paid the final filing fee installment, and based upon the Debtor's explanation of his difficulties getting the amended plan written, the Court gave the Debtor a final extension of time for filing the amended plan, to April 9, 2007. Many of the bases that the Debtor offers in his motion to reconsider were offered and accepted as the basis of the last extension. Moreover, before turning to the merits of the instant motion, the Court notes that a plan which meets the requirements of the Bankruptcy Code should have been filed by January 5, 2007 and the Debtor has thus had 90 days beyond the original due date to file a sufficient plan.

The Bankruptcy Rules, which incorporate many procedures of the Federal Rules of Civil Procedure, do not recognize motions for reconsideration. In this Court, pursuant to Vt. LBR 9013-1(i), a motion captioned as a "Motion to Reconsider" shall be construed as a "Motion for Relief from a Judgment or Order." As such, the movant must set forth the grounds alleged to satisfy the criteria set forth in Fed R. Bankr. P. 9023 or 9024. See id.; see also, e.g., In re Arms, 238 B.R. 259 (Bankr. D. Vt. 1999); In re Village Craftsman, Inc., 160 B.R. 740, 744 (Bankr. D. N.J. 1993)(collecting cases). Hence, in order to prevail on the instant motion the Debtor must demonstrate he is entitled to relief from judgment under Bankruptcy Rule 9023 or 9024. The Court treats this as a motion under Rule 60(b)(1) seeking relief based upon excusable neglect, as incorporated into Bankruptcy Rule 9024, and finds that the Debtor has failed to substantiate excusable neglect.

AFTER DUE CONSIDERATION of the Debtor's Motion to Reconsider, the record of this Debtor's current and previous filings in this Court, and the allegations set forth in the motion for reconsideration, the Court concludes that the Debtor has failed to demonstrate grounds for obtaining relief from, or reconsideration of, the Court's order dismissing the instant chapter 13 case. The Debtor has failed to demonstrate why he was not able to draft and file an amended plan during the 90 day period of extension the Court granted. The Court has encouraged the Debtor to retain counsel, however, since the Debtor chose to proceed *pro se* it was his duty to comply with the Court's order to file an amended plan by the due date set. He failed to do so and has failed to demonstrate grounds to reinstate the chapter 13 case.

Based upon these findings, IT IS HEREBY ORDERED that the Debtor's 's Motion to Reconsider is

denied.

    IT IS FURTHER ORDERED that the hearing set on the Debtor's Motion to Reconsider for June 21, 2007 is hereby cancelled.

    **SO ORDERED**.

*[signature]*
_____

June 20, 2007                                                 Colleen A. Brown
Rutland, Vermont                                   United States Bankruptcy Judge